ORIGINAL
D+F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROBERT RIVERA,

                Petitioner,

   -against-

DAVID MILLER,

                Respondent.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

05-CV-0809 (FB)

*Appearance:*
*For the Petitioner:*
ROBERT RIVERA, *pro se*
No. 01-A-3316
Eastern Correctional Facility
Post Office Box 338
Napanoch, New York 12458-0338

**BLOCK, District Judge:**

      *Pro se* petitioner, Robert Rivera ("Rivera"), seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his May 11, 2001 conviction upon a plea of guilty in New York Supreme Court, Richmond County, to one count each of Rape in the First Degree and Assault in the First Degree. For the reasons set forth below, Rivera's petition is dismissed as time-barred.

I.

      Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner must file a *habeas* petition challenging a state court judgment of conviction within one year of the date that judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period is, however, tolled during the pendency of a properly

1

filed petition for collateral review in state court. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002). In addition, the AEDPA statute of limitations may be equitably tolled. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), *cert. denied*, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in rare and exceptional circumstances." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (internal quotation marks omitted), *cert. denied*, 535 U.S. 1017 (2002). Thus, the petitioner must "demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Id.*

## II.

In an Order dated April 6, 2005, the Court noted that, on its face, Rivera's petition appeared to be time-barred: He was sentenced on May 24, 2001, and because he did not seek direct review, his judgment of conviction became final thirty days later, on June 23, 2001. *See* New York C.P.L. § 460.10; *Bethea*, 293 F.3d at 578. Thus, unless Rivera filed a petition for collateral review in state court before the limitations period expired or there were extraordinary circumstances justifying equitable tolling, the one-year limitations period expired on June 23, 2002. 28 U.S.C. § 2244(d)(1)(A). In light of his apparent failure to comply with AEDPA's limitations period, the Court afforded him an opportunity to show cause by affirmation whether he had "he filed a petition for collateral review in state court before the limitations period expired or there were extraordinary circumstances

justifying equitable tolling" of the statute of limitations.[1] Order of April 6, 2005.

In response, Rivera submitted an affirmation in which he attested that on March 19, 2004, he brought a motion to vacate his conviction pursuant to New York C.P.L. § 440.10, in which he argued that his May 24, 2001 guilty plea was involuntary because he was not apprised by counsel or the sentencing court that his sentence would include a period of post-release supervision. That motion was denied on May 10, 2004. Rivera further attests that at some point after March 19, 2004, he brought a motion to set aside his sentence pursuant to New York C.P.L. § 440.20, in which he raised the same argument raised in his 440.10 motion. That motion was denied on December 17, 2004.

Because both of Rivera's motions were brought after the one-year limitations period expired on June 23, 2002, they do not serve to restart that period. *See Bethea* 293 F.3d at 578-79 ("[S]tate-court applications for collateral relief do not 'restart' the AEDPA limitations period[;] '[i]f the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court,' thus defeating the goal of the AEDPA to prevent undue delays in federal habeas review.") (*quoting Smith*, 208 F.3d at 17). In addition, Rivera's petition articulates no reasons, let alone "extraordinary circumstances

---

[1] A district court may raise a *habeas* petitioner's apparent failure to comply with the AEDPA limitations period *sua sponte*. *See Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). However, "[u]nless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Id.* at 125.

3

beyond his control," that prevented him from filing his petition during the limitations period. Accordingly, his petition is untimely.

## CONCLUSION

Rivera's petition is dismissed as untimely. A certificate of appealability will not issue because Rivera has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

/s/ FREDERIC BLOCK
United States District Judge

Brooklyn, New York
June 8, 2005

4